UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARIO VALDIVIEZO, :

*Petitioner,* :

- vs - :

LISA ANDERSEN, Superintendent, :

*Respondent.*[*] :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER
20-CV-6355 (DC)

CHIN, Circuit Judge:

Petitioner Mario Valdiviezo, proceeding *pro se*, moves pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure for reconsideration of this Court's Memorandum Decision, filed March 27, 2024, denying his petition for a writ of habeas corpus. *See Valdiviezo v. Shanley*, No. 20-cv-6355 (DC), 2024 WL 1309374 (E.D.N.Y. Mar. 27, 2024). The motion for reconsideration is denied.

First, the motion is untimely. A motion under Rule 60(b) must be made within a "reasonable time," and the motion was filed two-and-a-half years after the Memorandum Decision was issued. Fed. R. Civ. P. 60(c)(1).

---

[*] Lisa Andersen is the Superintendent of Eastern N.Y. Correctional Facility and is substituted in place of Raymond Shanley pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court is respectfully directed to amend the official case caption as set forth above and update the docket to reflect this substitution.

Second, Valdiviezo previously filed a motion to reopen the case pursuant to Rule 60(b), on June 18, 2025. Dkt. 20. I denied that motion on August 27, 2025, because Valdiviezo was largely re-raising arguments he had raised in his original habeas petition and because the two Supreme Court cases he was relying on were distinguishable. Dkt. 21 (discussing *Andrew v. White*, 604 U.S. 86 (2025) (per curiam), and *Glossip v. Oklahoma*, 604 U.S. 226 (2025)).

Third, Valdiviezo's arguments fail on the merits. Again, he is for the most part re-raising arguments he made in his habeas petition. I considered those arguments carefully but rejected them. *See Valdiviezo*, 2024 WL 1309374, at *8-15. Valdiviezo appealed, Dkt. 18, but the Second Circuit dismissed the appeal, concluding that he had not "made a substantial showing of the denial of a constitutional right." Dkt. 19 (quoting 28 U.S.C. § 2253(c)). After I issued my order denying Valdiviezo's first motion to reopen, Dkt. 21, he appealed again, Dkt. 23, and again the Second Circuit dismissed the appeal, concluding that he had failed to show that reasonable jurists would find it debatable that the district court had abused its discretion or otherwise erred in denying his motion to reopen. Certified Copy of Order, *Valdiviezo v. Shanley*, No. 25-2622 (2d Cir. Apr. 9, 2026), Dkt. 17.[1]

---

[1] To the extent Valdiviezo focuses now on purported *Brady* violations, Dkt. 24-1 at 9-10, he raised *Brady* in his original petition and again in his first motion to reopen. *See* Dkt. 1 at 18-19; Dkt. 20 at 6 (referring to Planned Parenthood records). Moreover, as I noted in denying the petition originally, "[t]he evidence of guilt here was overwhelming -- S.M. testified at length as to Valdivieso's abuse of her, Hernandez testified as to Valdiviezo's attempts to hide the DVD

Finally, in his present motion, Valdiviezo does rely on a recent Supreme Court decision, *Whitton v. Dixon*, 146 S. Ct. 1368 (2026) (per curiam), but the decision is of no help to him. In *Whitton*, the Eleventh Circuit affirmed the denial of a petition for a writ of habeas corpus, relying in part on "evidence the jury never saw" -- DNA evidence that did not become available until *after* the trial. *Id*. at 1371. The Supreme Court vacated the Eleventh Circuit's judgment, concluding that the Eleventh Circuit should not have considered the post-trial evidence in assessing whether the state court was reasonable in determining that a witness's trial testimony was immaterial. *Id*. *Whitton* has no bearing on this case.

Accordingly, Valdiviezo has not shown "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210-13 (2025); *Stevens v. Miller*, 676 F.3d 62, 70 (2d Cir. 2012); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994). His motion for reconsideration, Dkt. 24, is DENIED.

---

from her, the detectives testified as to [his] admissions of sexual acts with S.M., and the jury saw proof of the abuse on the DVD." *Valdiviezo*, 2024 WL 1309374, at *10.

The Clerk of the Court is directed to mail a copy of this order to Valdiviezo at the address set forth below.

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2026

/s/ Denny Chin
DENNY CHIN
United States Circuit Judge
Sitting by Designation

To: Mario Valdiviezo
Petitioner *Pro Se*
# 15-A-2295
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458